CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay**, <br><br> Plaintiff, <br><br> v. <br><br> **Roclar Company,** a California Corporation; <br> **OneUnited Bank,** a Massachusetts Corporation; <br> **99 Cents Only Stores LLC,** a California Limited Liability Company; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |

Plaintiff Shirley Lindsay complains of Defendants Roclar Company, a California Corporation; OneUnited Bank, a Massachusetts Corporation; 99 Cents Only Stores LLC, a California Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar

spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility.

2.  Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for OneUnited Bank ("Bank") located at or about 6810 La Tijera Blvd., Los Angeles, California, and the 99 Cents Only store ("Store") located at or about 6854 La Tijera Blvd., Los Angeles, California

3.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.  Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

Complaint

founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7. The Plaintiff went to the Bank and Store in December 2014 to shop and open up a new savings account, respectively.

8. The businesses are facilities open to the public, places of public accommodation, and business establishments.

9. Parking spaces are one of the facilities, privileges and advantages offered by defendants to their customers at the businesses.

10. Unfortunately, although parking spaces are one of the facilities available to patrons of the Store, there were no compliant parking spaces available for persons with disabilities. Instead, the parking spaces reserved for persons with disabilities had no access aisles. There was simply no access aisle that plaintiff could use to unload and load her wheelchair. This is a violation of the law.

11. Plaintiff alleges that there used to be access aisles that accompanied the parking spaces. Unfortunately, the access aisles have been paved over. Because of defendants' lack of maintenance and care, there are no longer available spaces for use by persons with disabilities.

12. Defendants have no policy or procedure in place to make sure that the accessible parking spaces remain useable in the parking lot. As such, the parking space reserved for persons with disabilities is no longer suitable for use by plaintiff.

13. At the Bank location the parking situation is even worse. All of the parking spaces have been allowed to fade to the point that it is difficult to see where the parking spaces and access aisles are located. Other customers, who are not disabled, are allowed to park in these areas with impunity (also

because there is no signage or paint on the ground warning them not to park in the spaces ostensibly reserved for persons with disabilities).

14. The Bank defendants have no policy or procedure in place to make sure that the accessible parking spaces remain useable in the parking lot. As such, the parking space reserved for persons with disabilities is no longer suitable for use by plaintiff.

15. Additionally, the parking spaces and access aisles have slopes that are greater than 2.2%.

16. The plaintiff personally encountered these problems. This inaccessible condition denied the plaintiff full and equal access and caused her difficulty and frustration.

17. Plaintiff would like to return and patronize these businesses but will be deterred from visiting until the defendants cure the violations. Plaintiff's knowledge of the barriers prevents her from returning even though she would like to visit, and has wanted to visit, these businesses during the past three months. These businesses are conveniently located for plaintiff. Indeed, they are located about a half mile from her home.

18. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

19. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless

Complaint

of whether he personally encountered them).

20. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

21. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

Complaint

defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2.

24. Here, the access aisles are not level with the parking spaces at the Bank. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. *Id*. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

25. Here the failure to provide level parking is a violation of the law.

26. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method and color of marking are to be addressed by State or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each such space must be

6

Complaint

identified with a reflectorized sign permanently posted adjacent to and visible from each stall or space. CBC § 1129B.4. The sign must consist of the International Symbol of Accessibility (♿) in white on a blue background. *Id*. It cannot be smaller than 70 square inches and must be mounted so that there is a minimum of 80 inches from the bottom of the sign to the parking space. *Id*. Signs must be posted so that they cannot be obscured by a vehicle parking in the space. *Id*. An additional sign or additional language below the symbol of accessibility must state, "Minimum Fine $250" to ensure that the space remains available for persons with disabilities. *Id*. Another sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap parking space, with lettering 1 inch in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. *Id*. Additionally, the surface of the handicap parking stall must have a profile view of a wheelchair occupant (♿) that is 36 inches by 36 inches. *Id*. And the surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. *Id*. At the Bank, there was no "NO PARKING" lettering, no fine language, the signage was upside down (which demonstrates defendants absolute lack of care), and the parking simply failed to comply.

27. At the Store, meanwhile, there were no access aisles accompanying the parking spaces that were allegedly reserved for persons with disabilities.

28. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

Complaint

29. The Store, the lack of compliant handicap-accessible parking spaces is a violation of the law.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

31. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

32. Given its location and options, the Bank and Store are businesses that the plaintiff will continue to desire to patronize but she has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

34. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

35. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

37. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

38. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

39. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

40. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

Dated: February 25, 2015        CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint